| United States District Court | Southern District of Texas |
|---|---|

United States of America, §
§
    Plaintiff, §
§
versus § Civil Action 10-0403
§
Holly C. Roell, §
§
    Defendant. §

## Opinion on Authentication and Consolidation

1.   *Introduction.*

The United States of America sued Holly C. Roell because she did not pay her student loans. The government moved for a summary judgment. Roell responded that the supporting affidavit was not properly authenticated and that the United States did not show the original loan document. The United States will prevail.

2.   *Background.*

From 1981 to 1983 Roell borrowed money from the United States to go to law school. In 1987, she signed a promissory note consolidating her earlier notes. She defaulted on it in 1992. The debt was assigned to the Department of Education in 1996. Between 1998 and 2006, the Department referred the loan to private collection agencies 11 times. Roell paid nothing to anyone in that time.

3.   *Authentication.*

Roell claims that the affidavit of the Department's analyst is not sufficient summary judgment evidence because it was not properly authenticated. She says that because the affidavit was not made on personal knowledge, it is not properly authenticated.

The affiant does not need personal knowledge of the loan itself. The business records affidavit is meant to allow evidence from a business that regularly keeps records but has

employees change over the years. An affiant need only to know:

1. How the Department keeps the student-loan records,
2. He is a custodian of those records,
3. Those records are kept as a consistent part of the Department's lending to students, and
4. The offered copy of the note or other document accurately captures the original.[1]

Delfin M. Reyes's declaration met these requirements.

4. *Consolidated Note.*

Roell claims that the government must be able to hand the court her original notes, the ones underlying the current, consolidated one. The consolidated note is the complete evidence of the debt, more than sufficient to support a summary judgment. A loan consolidation creates a new, independent, fully enforceable promise that replaces the original notes. The 1987 consolidation created the promissory note held by the lender's successor. She twice signed the document, promising to pay back the money she borrowed for her education. The lender exchanged her earlier promises for this single consolidated promise. When Roell signed the consolidated note, she annulled the earlier ones.

5. *Holding Debt.*

First, the 1987 promissory note that consolidated her student loans is substituted for the original promissory notes, it and operates as a new contract enforceable by its holder.[2] She admits that she consolidated her debts and signed the consolidated note.

Second, the borrower cannot avoid her obligation because the government did not present the promissory notes from the original bank loans. She does not contend the holders of the original promissory notes have demanded payment in the almost 25 years since she consolidated them into a new note. Further, she cannot successfully oppose the government's claim by asserting the rights of the earlier notes' original holders.[3] She concedes that she borrowed the money.

Even if the government were collecting on the original promissory notes rather than the

---

[1] Fed. R. Evid. 902(11); Tex. R. Evid. 902(10).

[2] Restatement (Second) of Contracts Sec. 279–80.

[3] *The "Idaho,"* 93 U.S. 575, 580 (1876).

consolidated one, it does not need to possess the notes to collect them. Holding a debt and controlling the paper representing the debt are distinct concepts.[4]

5.  Conclusion

The Department of Education properly authenticated its debt for the summary judgment. A loan consolidation creates a new promise to pay that replaces and obviates the production of the original loan documents. The Department will prevail.

Signed on November 23, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[4] Tex. Bus. & Com. Code Ann. Sec. 3.309 (West 2002); Western Nat'l Bank v. Rives, 927 S.W.2d 681, 685 (Tex. App. 1996).